UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § | |
| v. § | No. 1:22-CR-00125-DII |
| § | |
| (1) ANTHONY SMITH, § § | |
| *Defendant* | |

ORDER

Before the Court is the U.S. Pretrial Services Office's Petition for Action on Conditions of Pretrial Release, Dkt. 36. The undersigned set a hearing on the petition to be held in accordance with 18 U.S.C. § 3148, Dkt. 41, and held the hearing on July 17, 2023.

Defendant Anthony Smith's indictment charges Smith and his co-defendant with Conspiracy to Commit Hobbs Act Robbery, Hobbs Act Robbery, and Use of Firearm in Furtherance of Crime of Violence (Brandishing), all in connection with a series of armed robberies that took place in April 2020. Dkt. 1. Authorities arrested Smith in September 2022 (following his release from incarceration for a prior federal felony conviction), and the undersigned granted Smith's motion for bond and released him on conditions. Dkt. 25. The undersigned subsequently modified these conditions to replace Smith's home detention with a curfew-and-monitor condition. Dkt. 31.

Pretrial's petition alleges Smith has violated two terms of his release: Condition 7(m), which prohibits possession of a narcotic drug without a prescription, and Condition 7(n), which requires Smith to submit to prohibited-substance testing.

1

Dkt. 36. The petition alleges that Smith violated these conditions by failing to report for testing in March and May 2023, and testing positive for fentanyl use in specimens submitted on June 2, 2023, and June 12, 2023. *Id.* At the hearing on Pretrial's petition, after being admonished of his rights and the possible consequences he faced, Smith agreed to plead true to these allegations. In his allocution to the Court, Smith explained that he had taken prescription drugs provided to him by his mother and additionally taken pills provided to him by another individual.

The Government and Pretrial both argue that Smith's pretrial release should be revoked and that he should be detained pending the final disposition of his case. Smith, through his counsel, argued that he should be permitted to remain out on the conditions currently in place so that he may continue his employment and outpatient drug treatment. For the reasons stated on the record, the undersigned agrees that, at this time, Defendant should remain out of custody on the conditions set out in Dkts. 25 and 31.

Accordingly, the Court **DENIES** Pretrial's petition, Dkt. 36, and **ORDERS** that Smith remain on release subject to the Order Setting Conditions of Release, Dkt. 25, as modified by Dkt. 31.

SIGNED July 17, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE